UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AUTHAR L. CAUSEY and
VICKIE R. RUFFIN

    Plaintiffs,

v.                                          Case No. 3:15cv170/MCR/CJK

DR. DAVID SNELL GRAVES;
PRESIDENT BARRACK OBAMA;
AND MICHELLE OBAMA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On April 16, 2015, the undersigned entered an order advising plaintiffs that their complaint is utterly indecipherable and nonsensical and fails to state any conceivable claim upon which relief can be granted (doc. 4).[1]  Specifically, the undersigned noted that plaintiffs name as defendants Dr. David L. Snellgraves, a chiropractor in Milton, Florida; President Barrack Obama; and First Lady Michelle Obama, but that plaintiffs' complaint is wholly devoid of any allegations against the named defendants.  In fact, as the undersigned advised plaintiffs, plaintiffs' complaint

---

[1] In its order, the undersigned erroneously referred to "plaintiff," in the singular, rather than "plaintiffs," in the plural, as he should have done.  That mistake has no bearing on the substance of the order.

is devoid of any allegations that would state a cause of action against anyone. The undersigned stated that, although the undersigned typically allows *pro se* plaintiffs an opportunity to amend complaints at least once as a matter of course, in this case, it is abundantly clear that plaintiffs' complaint, even very liberally construed, contains no allegations that could state a cause of action against the defendants and is insufficient to be served because the defendants cannot reasonably be expected to meaningfully respond. In an abundance of caution, however, the undersigned allowed plaintiffs fifteen (15) days in which to show cause why the case should not be dismissed as frivolous.

More than fifteen days have passed and plaintiffs have not responded to the undersigned's order.

Accordingly, it is RESPECTFULLY RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiffs' failure to prosecute and/or failure comply with an order of the court or, in the alternative, failure to state a cause of action upon which relief can be granted..

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 6th day of May, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:15cv170/MCR/CJK